

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2007

# In Re: Caldwell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2682

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Caldwell " (2007). *2007 Decisions.* Paper 717.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/717

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

No. 93-cr-00406, which he states is a criminal case against him, and to issue a writ of habeas corpus to release him from incarceration.

We have jurisdiction to issue writs of mandamus under the All Writs Act. See 28 U.S.C. § 1651(a). Mandamus is a drastic remedy that is granted in only extraordinary cases. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). "Before a writ of mandamus may issue, a party must establish that (1) 'no other adequate means [exist] to attain the relief he desires,' (2) the party's 'right to issuance of the writ is clear and indisputable,' and (3) 'the writ is appropriate under the circumstances.'" Hollingsworth v. Perry, 558 U.S. ____ (internal citations omitted).

To the extent that Caldwell would like this Court to order the District Court to assume jurisdiction over Case No. 93-cr-00406, he is not entitled to relief. A writ of mandamus may be used to compel a District Court to exercise jurisdiction over a matter when it has a duty to do so. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). But we cannot compel the District Court to assume jurisdiction over a case which does not exist. While Caldwell may believe that he is being held pursuant to that criminal case number, a review of the public record reveals that there is no criminal case pending against Caldwell in the Eastern District of Pennsylvania.

No. 05-04972, which Caldwell filed in the District of New Jersey, and which is closed. As we have no legal authority to issue such an order, Caldwell has no right, much less a "clear and indisputable" right, to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Accordingly, we will deny the petition.

Additionally, upon review of the Eastern District of Pennsylvania's docket for Case No. 98-05102, it appears that Caldwell did not receive a copy of the District Court's August 21, 2006 order denying his request to reopen the case. Thus, to the extent that Caldwell seeks to compel the District Court to rule on the request to reopen, we will deny the petition for writ of mandamus as moot because the District Court did, in fact, rule on the request.

Finally, to the extent that Caldwell seeks to appeal from a decision in District of New Jersey Case No. 05-4972, we note that he has already appealed from the District Court's orders in that case, and that we dismissed his appeal on April 19, 2007, under 28 U.S.C. § 1915(e)(2).